UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRISHA MAJOR,

    Plaintiff,

v.                                              Case No.:  2:25-cv-338-SPC-NPM

WALGREENS PHARMACY
SERVICES MIDWEST, LLC,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant Walgreens Pharmacy Services Midwest LLC's motion to dismiss. (Doc. 15). Plaintiff Trisha Major responded. (Doc. 36). For the below reasons, the Court grants the motion.

### Background

This is an employment discrimination case.[1] Plaintiff worked for Defendant as a Pharmacy Technician Apprentice from September 12, 2022, until December 20, 2022. Plaintiff had no "non-medical attendance, disciplinary, or performance issues." (Doc. 31 ¶ 15). At an unspecified time, Plaintiff developed a "severe dental abscess" that limited her ability to sleep,

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

eat, speak, think, or concentrate. (*Id.* ¶ 15). Plaintiff's abscess "became severely infected," which led to "swelling in her throat and extreme pressures [sic] in her ears and sinus cavity." (*Id.* ¶ 17).

Plaintiff informed her supervisor about the pain from the abscess on October 18, 2022. The supervisor responded that Plaintiff "wouldn't be able to be saved" if she missed work on too many occasions. (*Id.* ¶ 20). Plaintiff again notified her supervisors on November 7, 2022, about the pain from the abscess and that she planned to consult a physician again.[2] During that conversation, a supervisor said they had "very few hours to give" because Plaintiff's hours "had been cut down to one day." (*Id.* ¶¶ 21–22). Plaintiff alleges that the next day, a supervisor suggested she work at another Walgreens location further away from her residence. Reluctantly, Plaintiff agreed.

On November 21, 2022, Plaintiff informed managers at the second Walgreens location that she had met with doctors about the abscess. The doctors prescribed antibiotics which caused Plaintiff to experience "fogginess," "disorientation," and "severe nausea." (Doc. 31 ¶ 27). On November 30, 2022, Plaintiff updated her managers that she met with a different doctor and

---

[2] The Amended Complaint alleges multiple supervisors received Plaintiff's notification in November, but only one was privy to the October conversation. Plaintiff uses the terms "manager" and "supervisor" interchangeably. It is unclear if those terms identify different individuals because Plaintiff does not name any individual in her Amended Complaint.

planned to be out of town for an upcoming surgery to permanently treat the abscess. (*Id.* ¶ 28).

On December 5, 2022, before Plaintiff could have surgery, she "realized that her infection may have spread to her tongue." (Id. ¶ 31). Plaintiff informed her manager that she needed to leave that day for emergency treatment. She left work and received additional antibiotics. Two days later, she contacted her manager and requested another day off to recover. This time, her manager stated she would be disciplined if she did not come in. Plaintiff claims she was "unsure about how to request further accommodations" and "pleaded with her manager in an attempt to engage in the interactive process." (Id. ¶ 35). The manager documented Plaintiff for missing work and suggested she apply for disability.

Shortly thereafter, tensions between Plaintiff and her managers escalated. On December 16, 2022, Plaintiff told Defendant's management that she made a Family and Medical Leave Act ("FMLA") request for disability. That same day, Plaintiff spoke with a third-party claims administrator regarding the request. On December 20, 2022, Defendant's management met with Plaintiff and terminated her. During that meeting, Plaintiff's manager told her they needed someone "who was going to be there." (*Id.* ¶ 39).

Plaintiff sues Defendant for discrimination on the basis of disability and handicap and retaliation under the Americans with Disabilities Act ("ADA"),

3

42 U.S.C. § 12101 *et seq.* (Counts I and III) and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* (Counts II and IV). Defendant moves to dismiss, arguing that Counts I and II render the Amended Complaint a shotgun pleading and Plaintiff fails to state a claim as to all counts.

## Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint does not require detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

## Analysis

The Court begins with Defendant's argument that Counts I and II should be dismissed as a shotgun pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sherriff's Office*, 792 F.3d 1316, 1321–23 (11th Cir. 2015). There are four types of shotgun pleadings:

4

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The [second] type . . . is a complaint that . . . [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* Shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

Counts I and II constitute the third type of shotgun pleading.[3] Plaintiff alleges she actually suffered from a disability—the dental abscess—and that Defendant "regarded" her as disabled based on her notifications to them about the abscess and associated medical treatment. (Doc. 31 ¶¶ 16, 49–50). These are distinct definitions of disability under the ADA. *See, e.g.*, *EEOC v. Am. Tool & Mold, Inc.*, 21 F. Supp. 3d 1268, 1274 (M.D. Fla. 2014) (citing 42 U.S.C § 12102(2)). And these mutually exclusive definitions of disability give rise to distinct claims under the ADA. *See Rossbach v. City of Miami*, 371 F.3d 1354, 1359 (11th Cir. 2004). Yet Plaintiff pled discrimination under both definitions

---

[3] The Court notes "disability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (citation omitted). So the Court applies its analysis to both claims simultaneously.

in Counts I and II. (Doc. 31 ¶¶ 67, 77). That is not permissible under Rule 8. *See, e.g.*, *Harakal v. Composite Motors, Inc.*, No. 8:22-CV-2192-TPB-JSS, 2022 WL 17782368, at *2 (M.D. Fla. Dec. 19, 2022) (discrimination claims based on actual disability or "being regarded as" having a disability "should be separated into separate counts"); *McCone v. Exela Techs., Inc.*, No. 6:21-CV-912-CEM-DCI, 2022 WL 801772, at *5 (M.D. Fla. Jan. 14, 2022) (dismissing complaint on shotgun pleading grounds for alleging discrimination based on actual disability and perceived disability in the same count).

Another reason that Plaintiff's Amended Complaint is a shotgun pleading is that it collapses multiple theories of liability into singular counts. Counts I and II, while labeled "Failure to Accommodate" claims, incorporate both disparate treatment and denial of accommodations claims. (Doc. 31 ¶¶ 66, 68–69, 78–80). That, too, does not comply with Rule 8. *See, e.g.*, *Hausberg v. Wilkie*, 2021 WL 4133739, at *2 (M.D. Fla. Sept. 10, 2021) (dismissing count that asserted "claims for both disability discrimination (or disparate treatment) and denial of reasonable accommodation" as a shotgun pleading); *Hart v. Bear Staffing Servs., Inc.*, No. 2:20-CV-554-JLB-NPM, 2021 WL 1662766, at *2 n.3 (M.D. Fla. Apr. 28, 2021) (finding that complaint was "a shotgun pleading in that it [did] not separate two distinct legal claims—failure to accommodate and discriminatory discharge, both under the ADA"); *see also Parsons v. First Quality Retail Servs.*, LLC, No. 5:10-CV-145 CAR, 2012 WL

174829 (M.D. Ga. Jan. 20, 2012) (explaining that "[u]ltimately, a disparate treatment disability discrimination claim is conceptually different than a failure to accommodate claim, and they are essentially inapposite."). Because Plaintiff's Amended Complaint contains these flaws, Counts I and II are dismissed on shotgun pleading grounds.

The Court turns to Defendant's Rule 12(b)(6) arguments regarding Counts I and II. First, Plaintiff's claim for discrimination for failure to accommodate an actual disability. "To establish a claim of failure to reasonably accommodate a disability, a plaintiff must prove: (1) she has a disability within the meaning of the [ADA]; (2) defendant had notice of her disability; (3) with a reasonable accommodation she could perform the essential functions of her position; and [4] the defendant refused to make such accommodations." *Richardson v. Honda Mfg. of Ala., LLC*, 635 F. Supp. 2d 1261, 1279 (N.D. Ala. 2009) (citations omitted). Plaintiff fails to allege she had a disability or that with a reasonable accommodation she could perform the essential functions of her position.

Plaintiff does not sufficiently allege her dental abscess is a disability. "The ADA defines 'disability' as '(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual.'" *Bueno v. Arhaus, LLC*, No. 24-13467, 2025 WL 2114207, at *3 (11th Cir. July 29,

7

2025) (quoting 42 U.S.C. § 12102(1)(A)).[4] While Plaintiff contends that the pain from the abscess and her reaction to medication limited her in many activities, more basic facts regarding the abscess are not alleged. Plaintiff does not allege when she first developed the abscess or started noticing symptoms, the degree of her limitation, or how effects from the abscess hindered her ability to perform her job functions. *See Hunter v. Crossmark*, No. SA-21-CV-00638-FB, 2022 WL 1017915, at *4 (W.D. Tex. Apr. 5, 2022), *report and recommendation adopted*, 2022 WL 17490669 (May 13, 2022) (rejecting argument that dental abscess qualified as a disability where plaintiff failed to allege sufficient facts regarding it). Ultimately, Plaintiff must allege more for her claims to survive a Rule 12(b)(6) motion.

Plaintiff also does not sufficiently allege that with a reasonable accommodation she could "perform the essential functions of her job." *Patterson v. City of Melbourne*, 669 F. Supp. 3d 1204, 1230 (M.D. Fla. 2023) (citations omitted). "[T]he use of the word 'reasonable' as an adjective for the word 'accommodate' connotes that an employer is not required to accommodate an employee in any manner in which that employee desires." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997). Plaintiff

---

[4] "[M]ajor life activities include . . . caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

alludes to requesting accommodations on multiple occasions (Doc. 31 ¶¶ 27, 35, 38, 41) but does not specify what the specific requested accommodations were. While the Court guesses that Plaintiff's requested accommodations were requesting days off from work, Plaintiff never alleges how many she asked for or what work schedule she proposed. (*Id.* ¶ 33). Plaintiff also fails to allege what her job responsibilities or regular working hours were.

These facts are important for two reasons. First, the duration of Plaintiff's requested time off bears on the reasonableness of the accommodations. Second, an employee's presence is often an essential element of a job, so the nature of the request matters for assessing whether Plaintiff could perform her duties had the accommodations been granted. *See Geter v. Schneider Nat'l Carriers, Inc.*, No. 22-11285, 2023 WL 7321610, at *13 (11th Cir. Nov. 7, 2023) (determining ADA claim failed because "full time and in-person work were essential functions of [plaintiff's] job"); *Agrait v. Hillsborough Cnty. Pub. Sch.*, No. 8:23-CV-01555-SDM-SPF, 2025 WL 2780333 (M.D. Fla. Sept. 30, 2025) (granting judgment to defendant where in-person presence was a requirement of employment and plaintiff requested remote work). Because this information is lacking, Plaintiff does not sufficiently allege she could perform the essential functions of her job.

Plaintiff's "regarded as" discrimination claims fail on simpler grounds. The ADA states that "being regarded as having . . . an impairment . . . shall

9

not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Baldwin v. Wilkie*, No. 5:15-CV-594-OC-34PRL, 2019 WL 480503, at *11 (M.D. Fla. Feb. 7, 2019), *aff'd sub nom. Baldwin v. Sec'y of Veterans Affs.*, No. 19-11341, 2023 WL 3961405 (11th Cir. June 13, 2023) (quoting 42 U.S.C. § 12102(3)(A)–(B)). Plaintiff's employment with Defendant lasted about three months. She does not allege when the abscess developed, nor how long the condition was expected to last. Not only that, Plaintiff also alleges she scheduled a surgery to "treat the root of the disability," which indicates the condition was not expected to last indefinitely. (Doc. 31 ¶ 28). For these reasons, Plaintiff does not plausibly state "regarded as" discrimination claims under the ADA.

The Court turns to Plaintiff's disparate treatment claims, which she improperly pled in the same counts as her failure to accommodate claims. "To establish a disability discrimination claim, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated individuals outside of his protected class." *Parker v. Dezzi*, No. 8:21-CV-1459-TPB-SPF, 2021 WL 5395958, at *2 (M.D. Fla. Nov. 18, 2021). Plaintiff fails to show she received less favorable treatment than similarly situated individuals because she does not allege a sufficient

10

comparator. *See Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 709 (11th Cir. 2013) (affirming the district court's Rule 12(b)(6) dismissal of an ADEA claim because "the amended complaint did not specifically allege the existence of a valid comparator"); *Gildyard v. Child.'s Network of Sw. Fla., LLC*, No. 2:24-CV-702-SPC-KCD, 2025 WL 2106675, at *2 (M.D. Fla. July 28, 2025) (dismissing disparate treatment claim for failure to state valid comparator). Plaintiff's "mere conclusory statements" which allege more favorable treatment of other employees do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (Doc. 31 ¶¶ 68, 79). So to the extent Plaintiff alleges a disparate treatment claim, it is dismissed as well.

Next up, Plaintiff's retaliation claims under Counts III and IV.[5] To state a retaliation claim under the ADA or FCRA, Plaintiff must show three things: (1) she was engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) causation. *Hernandez v. Mondelez Glob., LLC*, 2024 WL 1655357, at *2 (M.D. Fla. April 17, 2024) (citing *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)).

Plaintiff fails to allege a statutorily protected activity. A statutorily protected activity for the purposes of an ADA retaliation claim is "oppos[ing]

---

[5] Retaliation claims raised under the FCRA and the ADA "must be analyzed in the same framework." *Ramos v. Univ. of Miami*, No. 21-CV-22151, 2021 WL 4949160, at *6 (S.D. Fla. Oct. 25, 2021) (citation omitted).

11

any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). Plaintiff alleges that she "engaged in statutorily protected expression by requesting reasonable accommodations to attend to her disability." (Doc. 31 ¶¶ 87, 97). Requesting reasonable accommodations can be a statutorily protected activity. *See Bodie-Jernigan v. Sch. Bd. of Broward Cnty., Fla.*, No. 24-12593, 2025 WL 2741931, at *3 (11th Cir. Sept. 26, 2025) (citing *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016)). But Plaintiff provides no details regarding what accommodations she sought, or when she first requested them. Plaintiff fails therefore to adequately allege she undertook statutorily protected activity. While Plaintiff attempts to insert facts in her response regarding what accommodations she requested, they likewise are vague and unspecified.[6] (Doc. 36 at 9). This cannot stand. *See Hernandez*, 2024 WL 1655357, at *2 (dismissing FCRA retaliation claim where Plaintiff alleged "legal conclusions disguised as factual assertions."). Counts III and IV are dismissed.

Plaintiff's Amended Complaint suffers from a potpourri of errors. Identifying and analyzing these errors is a "tax on the Court's resources." *Jackson*, 898 F.3d at 1357. So Plaintiff has one more chance to rectify the

---

[6] Even if Plaintiff did offer pertinent facts in her response, "a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." *Orta v. City of Orlando*, No. 6:14–cv–1835–Orl–41GJL, 2015 WL 2365834, at *5, n 3 (M.D. Fla. May 18, 2015).

12

situation and replead.  *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 33) is **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED without prejudice**.

3. Plaintiff may file a Second Amended Complaint by **December 17, 2025**.  **Failure to comply may result in the Court dismissing and closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 3, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record