UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRISHA MAJOR,

     Plaintiff,

v.                                 Case No.:  2:25-cv-338-SPC-NPM

WALGREENS PHARMACY
SERVICES MIDWEST LLC,

     Defendant.

---

## **OPINION AND ORDER**

This case is before the Court on Plaintiff Trisha Major's (1) pro se Motion for Relief from Order of Dismissal Without Prejudice (Doc. 48) and (2) Motion for Permission to Use CM/ECF (Doc. 49).  For the following reasons, the Court denies the motions.

In April 2025, Plaintiff sued Defendant Walgreens Pharmacy Services Midwest LLC.  She alleged that Defendant violated the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*., when it terminated her following her request for disability leave.  (Doc. 1).

On December 3, 2026, the Court dismissed Plaintiff's complaint as a shotgun pleading and for failure to state a claim.  (Doc. 38).  It granted her leave to file an amended complaint by December 17, 2025, and stated that

"**Failure to comply may result in the Court dismissing and closing this case without further notice**." (*Id.* (emphasis in original)). Plaintiff requested additional time to file her amended pleading, and United States Magistrate Judge Nicholas P. Mizell granted an extension through January 6, 2026. (Doc. 40). On January 7, 2026, Judge Mizell granted Plaintiff's attorneys' motion to withdraw. (Doc. 42). In that order, he stated, "By January 28, 2026, plaintiff must have replacement counsel appear on her behalf and file a second amended complaint. If plaintiff chooses not to retain new counsel, we will set an in-person status conference." (*Id.*). Additionally, he provided instructions to Plaintiff about receiving notices of electronic filing at her personal email address, monitoring her email account, and other directions about proceeding pro se. (Doc. 43).

On February 2, 2026, the Court dismissed Plaintiff's case without prejudice, noting that no attorney had filed a notice of appearance on her behalf and that she had not filed an amended complaint by the deadline. (Doc. 46).

Now, Plaintiff wishes to revive her case under Federal Rule of Civil Procedure 60, though she does not state which provision of Rule 60 applies. (Doc. 48). Plaintiff explains that she attempted in good faith to comply with the Court's deadlines by submitting documents via email to the Clerk's office. (Doc. 48 at 1). She "mistakenly believed email submission was proper filing due to lack of CM/ECF access" and did "not intend to abandon this action and

2

has continued to pursue her claims." (*Id.*).  Based on these statements, it appears that she relies on Rule 60(b)(1), which provides for relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).

Plaintiff's arguments are without merit.  She cites no authority supporting the proposition that her mistaken belief that she could email filings to the Clerk constitutes mistake under Rule 60.  The Court understands that Plaintiff transitioned to pro se status after her attorney withdrew.  However, "even a *pro se* plaintiff must follow the rules and orders of the Court." *Shephard v. Cuna Mut. Ins.*, No. 6:23-CV-1364-PGB-DCI, 2025 WL 2083826, at \*3 (M.D. Fla. Feb. 25, 2025), *report and recommendation adopted,* No. 6:23-CV-1364-PGB-DCI, 2025 WL 2083408 (M.D. Fla. Mar. 20, 2025); *see also Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that a district court does not abuse its discretion by dismissing a case without prejudice, for even a single procedural violation, because the party may refile her complaint).

Plaintiff failed to comply with the Court's deadlines and has not demonstrated that relief is warranted under Rule 60.  Therefore, the Court denies her motion.

Accordingly, it is

**ORDERED:**

3

1.      Plaintiff Trisha Major's pro se Motion for Relief from Order of Dismissal Without Prejudice (Doc. 48) is **DENIED**.

2.      Plaintiff's Motion for Permission to Use CM/ECF (Doc. 49) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4